**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS ALBERTO GARCIA ARIAS,** | : | **CIVIL ACTION NO. 1:26-CV-3314** |
| | : | |
| **Petitioner,** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG LOWE, WARDEN of Pike County Correctional Facility,** | : | |
| | : | |
| **Respondent.** | : | |

**MEMORANDUM**

Presently before the court is a motion for Temporary Restraining Order ("TRO") from the petitioner, Luis Alberto Garcia Arias. (Doc. 3). While the document's title indicates Garcia Arias seeks a TRO, the court notes that it also requests a preliminary injunction and expedited habeas relief. (Id.) As explained below, the court will deny the TRO without prejudice and order an expedited hearing and briefing on a potential preliminary injunction.

A TRO is an extraordinary remedy which should issue only in limited circumstances. See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994). The same standard governs requests for preliminary injunctions as well as temporary restraining orders. See One Three Five, Inc. v. City of Pittsburgh, 951 F. Supp. 2d 788, 807 (W.D. Pa. 2013) (quoting Trefelner *ex rel.* Trefelner v. Burrell Sch. Dist., 655 F. Supp. 2d 581, 589 (W.D. Pa. 2009)). A TRO is controlled by Federal Rule of Civil Procedure 65(b). Rule 65(b) contemplates issuing

a TRO without notice to the non-moving party, and where the request is to issue without notice, Rule 65(b) requires specific showings:

> (1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

As a threshold matter, the court considers if the petitioner has met the requirements for a TRO to issue without notice. He has not. While the court can construe the declaration from Garcia Arias's attorney, Atheeb Khateeb Esq. (Doc. 1-2) attached to the petition for habeas corpus as satisfying the requirements of Rule 65(b)(1)(A), Garcia Arias has not submitted anything that would satisfy Rule 65(b)(1)(B). Without such a showing, the court cannot grant the motion, and so the court does not need to analyze the TRO factors at this time and will deny the motion without prejudice.

However, because the motion also requests a preliminary injunction, the court will schedule a call with the parties to determine the necessary next steps for the court to rule upon the motion for preliminary injunction.

An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 10, 2026.