**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS ALBERTO GARCIA ARIAS,** | : | **CIVIL ACTION NO. 1:26-CV-3314** |
| | : | |
| **Petitioner,** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG LOWE, WARDEN of Pike County Correctional Facility,** | : | |
| | : | |
| **Respondent.** | : | |

## MEMORANDUM

Presently before the court is a motion for preliminary injunction (Doc. 3) from the petitioner, Luis Alberto Garcia Arias, asking the court to release him from his current detention at the hands of Immigration and Customs Enforcement ("ICE") while the court considers Garcia Arias' underlying petition for the writ of habeas corpus. After consideration of the parties' arguments as made in their briefs as well as at the court's preliminary injunction hearing on November 23, 2026, and for the reasons detailed below, the court will grant the underlying petition for habeas corpus and order the petitioner released, mooting the motion for preliminary injunction.

The parties agree that Garcia Arias is detained under 8 U.S.C. § 1226(a). Section 1226(a) permits the government to detain a noncitizen "[o]n a warrant issued by the Attorney General . . . pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General "may continue to detain the arrested alien; and may release the alien" on bond or conditional parole. 8 U.S.C. §§ 1226(a)(1)-(a)(2). The Supreme Court explained that "[s]ection 1226(a)

creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." Jennings v. Rodriguez, 583 U.S. 281, 303 (2018). The statute further contemplates that the Attorney General may choose to release a given noncitizen on bond, excepting noncitizens held under Section 1226(c). Id., 8 U.S.C. §§ 1226(a), (c). The Third Circuit explained this function as permitting "discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk." Buele Morocho v. Warden Philadelphia FCI, 189 F.4th 287, 292 (3d Cir. 2026).

A growing number of Third Circuit courts have held that noncitizens detained under Section 1226(a) are entitled to two individualized determinations as to the propriety of their detention. See e.g., Dos Reis v. McShane, No. CV 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026). Other courts in this circuit have referred to this as a "two-step framework." See e.g., A.J.P.S. v. Benzel et al., No. 1:26-CV-11858, 2026 WL 3131270 at *3 (D. N.J., Oct. 19, 2026). The two-step framework is derived from the following language in 8 C.F.R. § 236.1(c)(8), the federal regulation implementing Section 1226(a):

> (8) Any officer authorized to issue a warrant of arrest *may, in the officer's discretion, release an alien* not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; *provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding*. Such an officer may also, in the exercise of discretion, release an alien in deportation proceedings pursuant to the authority in section 242 of the Act (as designated prior to April 1, 1997), except as otherwise provided by law.

8 C.F.R. § 236.1(c)(8) (emphasis added).

Courts in this circuit have read this language to "leave[] no doubt that ICE must make a meaningful individualized custody determination in the first instance." A.J.P.S., 2026 WL 3131270, at *4; See also, Ramirez-Ruiz v. Warden of Pike County Correctional Facility, et al., No. 3:26-CV-3155, 2026 WL 3373189 at *5 (M.D. Pa. Nov. 6, 2026); Saint Cloud v. Jamison, 2026 WL 3123166, at *4 (E.D. Pa. Oct. 19, 2026) (collecting cases). This conclusion, that there is an initial determination required from ICE, distinct from a bond hearing before an immigration judge, is further bolstered by the fact that the regulations explicitly contemplate that an immigration judge's determination comes after an "initial custody determination" by ICE or the Department of Homeland Security ("DHS"). 8 C.F.R. § 1236.1(d)(1). The Fifth Amendment to the United States Constitution also requires an initial individualized custody determination. Ramirez-Ruiz, 2026 WL 3373189 at *5 (quoting Sall v. Sage, No. 3:26-cv-2930, 2026 WL 3259319, at *8 (M.D. Pa. Oct. 29, 2026); Serrano-Alberto v. Att'y Gen. U.S., 859 F.3d 208, 211 (3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including aliens in immigration proceedings who are entitled to due process of law—that is, a meaningful opportunity to be heard. . . .").

Where a petitioner alleges his detention is improper purely on constitutional grounds —and does not allege a specific statute or regulation is violated by his detention— the court applies the three-factor test from Matthews v. Eldridge, 424 U.S. 319, 355 (1976). Zheng v. Rokosky, 826 F. Supp. 3d 545, 554 (D. N.J. 2026). That test asks the court to consider "(1) the private interest that will be affected by the

official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Morocho, 189 F.4th 306 (citing Mathews, 424 U.S. at 335) (citation modified).

Applying that test here, the court finds that release is appropriate. First, the private interest at stake is Garcia Arias' own interest in remaining free, which the Supreme Court has identified as "the most elemental of liberty interest[s.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). The Court held "commitment for *any* purpose constitutes a significant deprivation of liberty that requires due process protection." Id. at 530 (quoting Jones v. United States, 463 U.S. 354, 361, (1983)) (emphasis in original) (citation modified)). This authority is clearly sufficient to find the petitioner here has a strong liberty interest, which weighs against detention. Further, the court concurs with other courts which have held this liberty interest is even higher when, as here, the petitioner was previously released by the government on parole. See e.g., Matos-Ramirez v. Jamison, No. 26-7307, 2026 WL 3085462 at *3 (E.D. PA. Oct. 15, 2026) (citing Medina v. Jamison, No. 26-6800, 2026 WL 2742071, at *5 (E.D. Pa. Sept. 16, 2026)). The first factor therefore weighs strongly in Garcia Arias' favor.

The second factor, the risk of erroneous deprivation, also weighs in petitioner's favor here. The Third Circuit recently held that the absence of an initial individualized custody determination inherently poses a high risk of erroneous

deprivation of liberty. Buele Morocho, 189 F.4th at 307. Respondent here argues the need for an individualized custody determination was satisfied by completing form I-286 (Notice of Custody Determination). (Doc. 10 at 8). For two reasons, the court does not agree. Firstly, in this matter, the petitioner was detained on November 5, but the I-286 form was not filed until November 6, meaning Garcia Arias "received no notice or process prior to detention." (Doc. 10-5); Matos-Ramirez, 2026 WL 3085462, at *3. Secondly, the I-286 form in this matter does not contain any information that would indicate this was an "individualized" determination—it is simply a checked box. (Doc. 10-5). This court will join the growing chorus of district courts in this circuit holding that the I-286 form is insufficient to show individualized consideration. See e.g., Ramirez-Ruiz, 2026 WL 3373189 at *8; A.J.P.S., 2026 WL 3131270, at *5; Basboga, 2026 WL 3033623, at *6 ("Due Process, however, demands some individual determination and that ICE be able to show its work.").[1]

The final Mathews factor is the government's interest in detention without an individualized custody determination. The government, unquestionably, has a very real interest in enforcing immigration law and detaining noncitizens pending removal to ensure their attendance at those proceedings. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). But asking the government to provide an individualized custody determination is a low bar for compliance and a nominal burden to impose. See e.g.

[1] Additionally, while the court notes that this decision is based on the failure of the initial custody determination to be sufficiently individualized, the lack of a bond hearing before an immigration judge is sufficient to reach the same result even had the initial determination here been properly individualized.

Hernandez Ojeda v. Jamison, No. 26-7628, 2026 WL 3074934 at *3 (E.D. Pa. Oct. 14, 2026) (Explaining that "ICE must abide by the statute and regulations when they are enforcing immigration laws, and requiring ICE to do so is not a burden on the Government."). Here, the government does not argue that it would be a burden to make such a determination, neither generally nor specifically to this petitioner, and at the preliminary injunction hearing agreed that the petitioner had no criminal history and so did not present a danger to the community. Nor has the government argued any specific reason to find Garcia Arias a flight risk, and this court finds that evidence that Garcia Arias is married to a U.S. citizen, father to a U.S. citizen, and a taxpaying businessowner all weigh against finding him a flight risk. (See Doc. 13-1).

It is apparent from this analysis that the Mathews factors weigh in favor of Garcia Arias. The only remaining question for the court is whether to order an individualized bond hearing or outright release. In this matter, the facts indicate release is appropriate because nothing suggests Garcia Arias is either a danger or a flight risk. Further, the procedural posture of this case suggests that release is the proper remedy, as the petitioner averred, and the government agreed at the preliminary injunction hearing, that he has requested such a hearing and yet none is presently scheduled. (Doc. 15). For the same reasons, the court will excuse Garcia Arias' requirement to exhaust his administrative remedies, as "the Court may excuse exhaustion where administrative remedies would be futile." A.J.P.S., 2026 WL 3131270 at *3.

For all these reasons, Garcia Arias is entitled to the writ of habeas corpus, and release is the appropriate remedy. An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 25, 2026.